2/20/2023 11:21 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72912700
By: Patricia Jones
Filed: 2/20/2023 11:21 AM

## *2023-10918 / Court: 215*

### CAUSE NO. _____

| | | |
|---|---|---|
| **AVERY BANKS** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **BOLD PRODUCTION SERVICES,** | § | |
| **LLC. and DANIEL LEWIS VIENT** | § | |
| *Defendants* | § | **____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND RULE 193.7 NOTICE

Plaintiff, AVERY BANKS, files this Original Petition, Jury Demand, and Rule 193.7 Notice against BOLD PRODUCTION SERVICES, LLC. and DANIEL LEWIS VIENT (collectively "Defendants"), and shows the following:

### I.   DISCOVERY CONTROL PLAN LEVEL

1.   Discovery in this matter may be conducted under Level 3 of Tex. R. Civ. P. 190.

### II. PARTIES AND SERVICE

2.   Plaintiff, Avery Banks, is a resident of Louisiana and may be reached through her undersigned counsel.

3.   Defendant, Bold Production Services, LLC., is a Delaware company with its principal office in Harris County, Texas and may be served through its registered agent, Cogency Global Inc., at the following address: 1601 Elm St., Suite 4360, Dallas, Texas 75201, or any other place where it may be found.

4.   Defendant, Daniel Lewis Vient, is an individual who is a resident of Texas. He may be served with process at his home at the following address: 108 W Crestwood Dr., Trailer 36, Victoria, Texas 77901, or wherever he may be found.

### III.  JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This court has personal jurisdiction over the parties because this lawsuit arises out of a tort committed by Defendants in Colorado County, Texas. Further, Defendant Bold Production Services, LLC is a company with its principal office in Harris County, Texas and conducts a substantial amount of business in the State of Texas and has continuous, systematic contacts with the State of Texas.

7.      Venue in Harris County is proper in this cause under Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because Harris County is the county in which Defendant, Bold Production Services, LLC, has its principal office in Texas.

8.      Removal will be improper as Defendants are residents of the State of Texas. 28 U.S.C. § 1441(b)(2).

### IV.  FACTS

9.      On January 6, 2023, Avery Banks was driving his tractor trailer eastbound on Interstate 10 in Colorado County, Texas.  At the same time, Defendant Daniel Lewis Vient was operating a Ford F650 westbound on Interstate 10 while hauling a trailer.  The trailer was owned and maintained by Defendant Bold Production Services, LLC.  Upon information and belief, at all relevant times herein, Defendant, Daniel Lewis Vient, was acting in the course and scope of his employment with Bold Production Services, LLC.

10.      While Defendant was driving, the wheels on Defendant, Bold Production Services, LLC's, trailer came off and became airborne.  The tires struck one vehicle traveling westbound and then crossed into eastbound traffic and violently crashed into Plaintiff's tractor.

11.      The force and impact of the collision were so severe as to require Plaintiff's tractor and

trailer to be towed from the scene and Plaintiff to be transported to the hospital. The collision

occurred as a direct and proximate result of Defendants' negligence.

12.    As a direct and proximate result of Defendants' negligence, Plaintiff sustained substantial

bodily injury. Plaintiff did nothing to cause the collision or her injuries.

### V.    PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT BOLD PRODUCTION SERVICES, LLC

13.    At all times material to this lawsuit, Defendant Daniel Lewis Vient was an employee of

Defendant Bold Production Services, LLC, and was acting in the course and scope of his

employment with this Defendant. Consequently, this Defendant is vicariously liable to Plaintiff

for the negligent conduct of Defendant Daniel Lewis Vient under the theory of *Respondeat*

*Superior.*

14.    The independent conduct of this Defendant constitutes negligence as that term is known in

law. Such negligent acts or omissions include, but are not limited to the following:

   a.  hiring and/or retaining Defendant Daniel Lewis Vient, whom it knew or should have known was a reckless or incompetent driver;

   b.  entrusting a vehicle to Defendant Daniel Lewis Vient, whom it knew or should have known was a reckless or incompetent driver;

   c.  failing to properly train Defendant Daniel Lewis Vient in the safe operation/inspection of a commercial motor vehicle; and/or,

   d.  failing to properly supervise Defendant Daniel Lewis Vient's driving activities.

15.    One, some, or all of the foregoing acts and/or omissions or others on the part of this

Defendant constituted negligence and such negligence was a proximate cause of the occurrence

and Plaintiff's injuries and damages.

## VI.  PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST DANIEL LEWIS VIENT

16.    The incident made the basis of this lawsuit resulted from the improper conduct of Defendant, Daniel Lewis Vient. The conduct of this Defendant constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to Plaintiff made the basis of this suit. This Defendant's negligent actions or omissions included, but are not limited to, one or more of the following non-exclusive particulars:

a.  In that Defendant Daniel Lewis Vient failed to drive a tractor trailer in a manner that of a person of prudent care would have;

b.  In that Defendant Daniel Lewis Vient failed carefully inspect the tractor trailer as outlined in the Federal Motor Carrier Safety Regulations;

c.  In that Defendant Daniel Lewis Vient failed to properly secure his wheels/tires as a person of prudent care would have; and/or,

d.  In that Defendant Daniel Lewis Vient failed to operate a motor vehicle as a person using ordinary prudent care would have done;

17.    One, some, or all of the foregoing acts and/or omissions or others on the part of this Defendant, constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## VII.  PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST BOLD PRODUCTION SERVICES, LLC

18.    The incident made the basis of this lawsuit resulted from the improper conduct of Defendant, Bold Production Services, LLC. The conduct of this Defendant constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to Plaintiff made the basis of this suit. This Defendant's negligent actions or omissions included, but are not limited to, one or more of the following non-exclusive particulars:

4

a. In that Defendant Bold Production Services, LLC negligently provided a trailer with faulty wheels;

b. In that Defendant Bold Production Services, LLC failed to maintain its trailer;

c. In that Defendant Bold Production Services, LLC negligently carefully inspect the trailer as outlined in the Federal Motor Carrier Safety Regulations before departure; and/or,

d. In that Defendant Bold Production Services, LLC failed to properly secure the wheels/tires as a company of prudent care would have.

## VIII.    VICARIOUS LIABILITY AGAINST DEFENDANT BOLD PRODUCTION SERVICES, LLC

19.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Vient was within the course and scope of employment of, was engaged in the furtherance of the business of, was engaged in accomplishing a task for which he was employed by, and/or was a statutory employee of Defendant Bold Production Services, LLC.

20.    Therefore, under the doctrine of *respondeat superior*, Defendant Bold Production Services, LLC is vicariously liable to Plaintiff for Defendant Vient's conduct, further outlined above in this petition and incorporated by reference here fully.

## IX. GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

21.    Plaintiff incorporates all other paragraphs by reference here fully.

22.    The acts or omissions described above, when viewed from Defendants' standpoint, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of this risk but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

23.     Plaintiff would further show that the injuries and damages that Plaintiff sustained as a result of the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, drivers, officers, and representatives in the course of employment for said Defendants.

24.     Plaintiff would further show that Defendants ratified and failed to repudiate their agent's gross negligence and/or was grossly negligent in entrusting the vehicle to an unfit agent.

25.     As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## X.  PLAINTIFF'S DAMAGES

26.     As a result of the incident made the basis of this lawsuit and the negligence of Defendants described in the preceding paragraphs, Plaintiff sustained significant injuries and damages in the past.

27.     Plaintiff respectfully requests that the trier of fact determine the amount of her damages and losses that she has incurred in the past and future, as well as the monetary value of these damages, which include, but are not limited to:

        a.      Physical pain and suffering in the past and future;

        b.      Mental anguish in the past and future;

        c.      Reasonable and necessary cost of medical care and treatment past and future;

        d.      Physical impairment and disfigurement in the past and future;

        e.      Lost earning capacity in the past and future;

        f.      Prejudgment and post-judgment interest; and

        g.      Exemplary damages.

28.    The damages sought herein are within the jurisdictional limits of the court. Pursuant to Rule 47, Plaintiff seeks monetary relief of over $1,000,000.00.

29.    Plaintiff seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and demand judgment for all other relief, both in law and inequity, to which Plaintiff may be entitled.

## XI.  DEMAND FOR TRIAL BY JURY

30.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff demands a trial by jury and has/will tender the appropriate fee.

## XII.  NOTICE TO PRESERVE EVIDENCE

31.    Plaintiff hereby demands that all Defendants preserve and place a litigation hold on all documents, tangible things, and electronically stored information that arise out of or relate to the incident made the basis of this suit, further described elsewhere herein. This includes, but is not limited to, all cellular phones and other electronic devices in the cab with Defendant Daniel Lewis Vient at the time of the incident in question, Defendant Vient's driver logs from the date of the incident in question and in the six months preceding the incident in question, all dashcam footage and telematics data that was captured on the commercial vehicle operated by Defendant Garcia, Jr. on the date of the incident in question, and any repair documents made before and after the date of the incident in question.

## XIII.  DUTY TO DISCLOSE

32.    Pursuant to Texas Rule of Civil Procedure 194.1, Defendants are required to provide the information or material described in Rule 194.2, 194.3 and 194.4 without awaiting a discovery request from Plaintiff.

## XIV. RULE 193.7 NOTICE

33.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XV. PRAYER

34.     For the foregoing reasons, Plaintiff prays that Defendants be cited to appear and answer, and that judgement be entered against Defendants for:

    a.  Actual damages above the jurisdictional minimum of the Court, including but not limited to the following:

        i.  Physical pain and suffering in the past and future;

        ii.  Mental anguish in the past and future;

        iii.  Physical impairment in the past and future;

        iv.  Physical disfigurement;

        v.  Lost earning capacity in the past and future; and

        vi.  Medical expenses in the past and future;

    b.  All costs of court expended herein;

    c.  Pre-judgment and post-judgment interest at the maximum rate allowed by law;

    d.  Exemplary damages; and,

    e.  All other relief to which Plaintiff is justly entitled.

Respectfully submitted,

**KHERKHER GARCIA, LLP**

By: _/s/ Omar R. Chawdhary_
      Steve Kherkher
      State Bar No. 11375950
      Jesus Garcia, Jr.
      State Bar No. 24027389
      Ryan MacLeod
      State Bar No. 24068346
      Omar R. Chawdhary
      State Bar No. 24082807
      2925 Richmond Ave., Suite 1560
      Houston, Texas 77098
      (713) 333-1030 Phone
      (713) 333-1029 Fax
      **Service:** SKherkher-Team@KherkherGarcia.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Steve Kherkher on behalf of Omar Chawdhary
Bar No. 24082807
skherkher-team@kherkhergarcia.com
Envelope ID: 72912700
Status as of 2/20/2023 11:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Steve Kherkher | | skherkher-team@kherkhergarcia.com | 2/20/2023 11:21:17 AM | SENT |